IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLOTTE HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 23-cv-02712-MSN-tmp |
| | ) | |
| PUBLIX SUPERMARKETS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Before the court is *pro se* plaintiff Charlotte Holmes's complaint against Publix Supermarkets, Inc. ("Publix"). (ECF No. 1.)[1] Because Holmes is proceeding *in forma pauperis*, the court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons below, the undersigned recommends that Holmes's complaint be dismissed.

**I.   PROPOSED FINDINGS OF FACT**

On November 3, 2023, Holmes filed a *pro se* complaint against Publix alleging violations of the Tennessee and United States constitution, negligent supervision, race discrimination, disability discrimination, and mistaken identity. (ECF No. 1 at PageID 4-6.) On or around November 15, 2022, Holmes was speaking

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the undersigned for management of all pretrial matters for determination or report and recommendation, as appropriate.

with an employee of Publix about a positive experience that she had with another Publix employee "who I noticed was different." (Id. at PageID 2.) She then asked whether her brother could be employed there, but the employee allegedly said "that Publix does not hire stupid and disabled people." (Id.)

Later, on January 17, 2023, Holmes returned to Publix to return a cake that she purchased when she was last in the store. (Id. at PageID 2-3.) When she approached the customer service desk, Holmes alleges that the associate "started to act strangely. She blatantly lied to me stating that a manager would have to assist me with this return . . . . After I came back into the store, the customer service representative called the manager on duty once again . . . and he proceeded to tell me that I was banned from the store." (Id. at PageID 3.) Holmes alleges that, an hour later, she went back into the store, and the customer associate used a racial slur and said that she thought that Holmes was the woman who was banned. (Id.)

## II.   PROPOSED CONCLUSIONS OF LAW

**A.   Standard of Review**

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C.

§ 1915(e)(2)(B)(i-iii). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). The court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.   Disability Discrimination Claims**

Prior to determining whether Holmes's complaint states a claim, the court must determine whether she has standing. "Standing

is 'the threshold question in every federal case.'" Coyne v. Am. Tobacco Co., 183 F.3d 488, 494 (6th Cir. 1999) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)). To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Donovan v. FirstCredit, Inc., 983 F.3d 246, 251 (6th Cir. 2020) (quoting Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016)) (internal quotations omitted). The alleged injury in fact must be "concrete and particularized and actual or imminent, not conjectural or hypothetical." Id. (quoting Spokeo, 578 U.S. at 339; Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)) (internal quotations omitted).

In count four, Holmes alleges disability discrimination against Publix based upon remarks that the employee allegedly made about Holmes's brother. (ECF No. 1 at PageID 5-6.) In count two, in her claim for negligent supervision, she refers to "disability bias" and Publix's failure to train its employees. (Id. at PageID 4-5.) Holmes does not have standing to bring a claim of disability discrimination because she does not allege that she has suffered an injury in fact based on Publix's alleged disability discrimination against her brother. Further, the case law is clear that "[a] non-lawyer may not represent another non-lawyer in connection with a matter pending in federal court." Brown v.

Bobbett, No. 20-1278-JDT-cgc, 2021 WL 982335, at *1 (W.D. Tenn. Mar. 16, 2021). Therefore, Holmes has no standing to bring the claims based on disability discrimination.

**C.   Race Discrimination Claims**

The remaining claims relate to Holmes's being told that she was banned from Publix and allegedly being subjected to a racial slur. In count one, she alleges that Publix violated both the Tennessee and United States Constitutions; in count two, she alleges that Publix is liable for negligent supervision based upon its failure to properly train its employees; in count three, she alleges that she was subject to race discrimination; and in count five, she alleges that Publix is liable for "mistaken identity."

Holmes has failed to plausibly allege a cause of action under the Tennessee and United States Constitutions. Regarding her claim under the Tennessee Constitution, "Tennessee law does not recognize a private cause of action for violations of the Tennessee Constitution." Grose v. City of Bartlett, Tenn., No. 2:20-cv-02307-TLP-cgc, 2023 WL 6606961, at *10 (W.D. Tenn. Aug. 11, 2023) (citing Cline v. Rogers, 87 F.3d 176, 179 (6th Cir. 1996) and Bowden Bldg. Corp. v. Tenn. Real Estate Comm'n, 15 S.W.3d 434, 446 (Tenn. Ct. App. 1999)). Regarding her claim under the United States Constitution, Holmes has failed to specify what provision Publix violated, and to the extent that Holmes brings a claim under 42 U.S.C. § 1983, Publix is not a state actor acting under color of

law. See Anderson v. Memphis Union Mission, No. 2:22-cv-02402-TLP-atc, 2023 WL 2945317, at *7 (W.D. Tenn. Jan. 21, 2023) (quoting Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003)) (explaining that a plaintiff may not proceed under § 1983 against a private party). Therefore, Holmes has not stated a plausible claim for violations of the Tennessee or United States constitution.

In support of counts two, three, and five, Holmes alleges that she was misidentified as a person whom Publix previously banned and was therefore told to leave the store. (ECF No. 1 at PageID 3.) Holmes alleges that the employee used a racial slur and explained that she "thought you was the lady that was banned" only after Holmes re-entered the store. (Id.) "[T]he Public Accommodations Act 'prohibits discrimination on the basis of race, color, religion, or national origin in certain places of public accommodation.'" Lawrence v. Wilson, No. 1:22-CV-P136-JHM2023, WL 3443255, at *3 (W.D. Ky. May 12, 2023) (quoting Moses v. Am. Apparel Retail, Inc., No. 13-2753, 2014 WL 1093784, at *10 (W.D. Tenn. Mar. 19, 2014)). Similarly, Tennessee law prohibits "deny[ing] an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation . . . on the grounds of race, creed, color, religion, sex, age or national origin." Tenn. Code Ann. § 4-21-501.

By her own admission, Holmes was asked to leave not because

of her race but because she was misidentified as a person who was banned, which does not plausibly state a claim for relief. Without any facts to show that she was denied access to Publix because of her race, counts one, two, three, and five are implausible. Therefore, the undersigned finds that Holmes has failed to state a claim.

### III. RECOMMENDATION

Based on the above, the undersigned recommends that the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

December 15, 2023

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**