IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

CHARLOTTE HOLMES,

    Plaintiff,

v.                                                      Case No. 2:23-cv-2712-MSN-tmp
                                                       JURY DEMAND

PUBLIX SUPERMARKETS, INC.,

    Defendant.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING
COMPLAINT, AND REFERRING FIRST AMENDED COMPLAINT
FOR SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

---

Before the Court is the Chief Magistrate Judge's Report and Recommendation (ECF No. 7, "Report") entered December 15, 2023.  On January 2, 2024, Plaintiff filed objections to the Report (ECF No. 8, "Objections") and a First Amended Complaint (ECF No. 9).  For the reasons set forth below, the Report is **ADOPTED**, the complaint is **DISMISSED**, and the Court **REFERS** the First Amended Complaint to the Chief Magistrate Judge for screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

This matter arises out of two visits to a Publix grocery store in Chattanooga, Tennessee.  The first was on November 15, 2022.  During that visit, Plaintiff had a positive interaction with a deaf employee, which prompted Plaintiff to inquire about potential employment at Publix for her brother.  Plaintiff alleges she spoke with an employee named Kim, who responded to Plaintiff's

inquiry by telling her that "Publix does not hire stupid and disabled people," and "a person needs their vision in order to bag groceries." Disgusted by Kim's response, Plaintiff left the store.

A little over two months later, Plaintiff alleges she again went to the same Publix store to return a cake. When Plaintiff approached the customer service counter, the store associate, Kimberly, "started to act strangely," and "blatantly lied" to Plaintiff, telling Plaintiff that a manager would have to assist her with the return. A manager, Lucas, then came out and spoke with Kimberly, and as he walked away told Kimberly, "let me check." At this point, Plaintiff briefly left the store. Upon Plaintiff returning, Kimberly called Lucas again, and Lucas told Plaintiff that she was "banned from the store." Plaintiff insisted that Lucas call the store manager, Keith Schultz, but Lucas refused. Plaintiff left the store only to return about an hour later. Plaintiff alleges that, on her return to the store, Kim used a racial slur and then told Plaintiff, "I thought you was the lady that was banned." Plaintiff alleges that she was "visibly shaken" by the comment and left the store.

Plaintiff's complaint alleges the following five causes of action based on the above: (1) violations of Plaintiff's rights under the Tennessee and United States Constitutions; (2) negligent supervision – all Defendants; (3) discrimination – all Defendants; (4) disability discrimination – Defendant Kimberly; (5) mistaken identity – all Defendants.

The Report recommends that Plaintiff's complaint be dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The Report explains that there is no private cause of action for violations of the Tennessee Constitution, and Plaintiff has not specified what provision of the United States Constitution that she alleges Publix violated. Further, the Report explains that Plaintiff doesn't have standing to assert a disability discrimination claim. Finally, the Report concludes that Plaintiff's claim that she was denied access to Publix because of her race is

2

not plausible because the complaint alleges she was asked to leave the store due to being misidentified as a person that was banned from the store.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an

objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## DISCUSSION

A.   **Proposed Findings of Fact**

Plaintiff does not object to any of the Report's proposed findings of fact. The Court therefore **ADOPTS** the Report's proposed findings of fact in their entirety.

B.   **Proposed Conclusions of Law**

1.   Claims for Disability Discrimination in Counts Two and Four

In her Objections, Plaintiff argues that her disability discrimination claims, counts two and four, should not be dismissed because she has been her brother's power of attorney since August 31, 2018. (ECF No. 8 at PageID 26.) Even so, this does not overcome the deficiencies in her standing and ability to represent her brother in this matter.

"To have standing, a plaintiff must allege (1) an injury in fact (2) that's traceable to the defendant's conduct and (3) that the courts can redress." *Gerber v. Herskovitz*, 14 F.4th 500, 505 (6th Cir. 2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–61 (1992)). "If a party does not have standing to bring an action, then the court has no authority to hear the matter and must dismiss the case." *Binno v. Am. Bar Ass'n*, 826 F.3d 338, 344 (6th Cir. 2016) (citation omitted). "The party seeking to invoke federal jurisdiction bears the burden to demonstrate standing and he 'must plead its components with specificity.'" *Daubenmire v. City of Columbus*, 507 F.3d 383, 388 (6th Cir. 2007) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (further

citation omitted)). A plaintiff must have standing throughout every stage of the litigation for each claim and form of relief sought. *Uzuegbunam v. Praczewski*, 141 S. Ct. 792, 801 (2021); *Glennborough Homeowners Ass'n. v. U.S. Postal Serv.*, 21 F.4th 410, 414 (6th Cir. 2021) ("A plaintiff must demonstrate standing for each claim she seeks to press and for each form of relief she seeks"); *Universal Life Church Monastery Storehouse v. Nabors*, 35 F.4th 1021, 1031 (6th Cir. 2022) (quoting *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996) and *DaimlerChrysler Corp v. Cuno*, 547 U.S. 332, 352 (2006)) ("As the Supreme Court has reminded us, 'standing is not dispensed in gross.' Rather, plaintiffs 'must demonstrate standing for each claim [they] seek[] to press.'") "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560).

Here, Plaintiff has not alleged facts showing she suffered an injury in fact due to the store associate's statements about Plaintiff's brother or Publix's alleged failure to train its employees. For this reason, Plaintiff lacks standing for her disability discrimination claims, and they must be dismissed.

It also does not matter that Plaintiff is her brother's power of attorney. Under 28 U.S.C. § 1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ." However, 28 U.S.C. § 1654 does not allow plaintiffs in federal court to "appear *pro se* where interests other than their own are at stake." *Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018). Indeed, the Sixth Circuit has "consistently interpreted § 1654 as prohibiting *pro se* litigants from trying to assert the rights of others." *Id.* (collecting cases). This is true even if Plaintiff is her brother's duly authorized power of attorney because "[a] power of attorney does not authorize a non-lawyer to prosecute a case in federal court on behalf of another

5

person." *Falkner v. Water Grove Invs., LLC*, No. 11-3130-STA-TMP, 2012 WL 259943, at *2 (W.D. Tenn. Jan. 27, 2012); *see, e.g.*, *Cobble v. T-Mobile Sprint*, No. 3:21-CV-415-RGJ, 2023 WL 3778712, at *3 (W.D. Ky. Mar. 31, 2023) (collecting cases); *Brown v. Bobbett*, No. 20-1278-JDT-CGC, 2021 WL 982335, at *1 (W.D. Tenn. Mar. 16, 2021) (collecting cases); *Perry v. Kentucky*, No. 3:17-CV-P527-DJH, 2017 WL 8794291, at *2 (W.D. Ky. Dec. 20, 2017) (collecting cases); *Chapman v. Kilroy Restaurants, Inc.*, No. 1:16-CV-372, 2016 WL 1567258, at *2 (S.D. Ohio Mar. 15, 2016), *report and recommendation adopted*, 2016 WL 1556373 (S.D. Ohio Apr. 18, 2016).

Plaintiff's objection is therefore **OVERRULED**. The Court **ADOPTS** the Report's proposed conclusions of law about Plaintiff's disability discrimination claims in counts two and four.

      2.      <u>Claims for Discrimination Based on Race in Counts One, Two, Three and Five</u>

Plaintiff does not object to the Report's proposed conclusions about her claims for discrimination based on race in counts one, two, three, and five. Instead, Plaintiff admits that her original claim erred, and she would like to "refile where [she] would state a claim where relief can be granted." (ECF No. 8 at PageID 26.) In other words, she wanted to amend her complaint, and she in fact filed a First Amended Complaint the same day she filed her Objections.

The Court reviewed the Report's conclusions of law about Plaintiff's claims of discrimination based on race for clear error and found none. Therefore, the Court **ADOPTS** the Report's conclusions of law about Plaintiff's claims for discrimination based on race in counts one, two, three, and five.

**C.**    **<u>Plaintiff's First Amended Complaint</u>**

On the same day Plaintiff filed her Objections, Plaintiff also filed a First Amended Complaint ("FAC"). The FAC asserts the following four causes of action: (1) violation of 42

U.S.C. § 2000a, (2) violation of 42 U.S.C. § 1981 and 1981(b); (3) intentional infliction of emotional distress and negligence; and (4) mistaken identity. The FAC also slightly alters Plaintiff's allegations about what happened during her second visit to the Publix store on January 17, 2023.

Pursuant to Local Rule 4.1(b)(2), in a case where the plaintiff is proceeding *pro se* and has been granted leave to proceed *in forma pauperis*, the Clerk will issue summons only if the Court directs the Clerk to do so after the Court has screened the complaint under 28 U.S.C. § 1915(e)(2)(B). Under Federal Rule of Civil Procedure 15, a plaintiff may amend its pleading once as a matter of course no later than the earlier of (1) 21 days after serving the pleading, or (2) 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f).

Summons have not been issued in this case. Plaintiff is entitled to amend her complaint once as a matter of course without obtaining leave from the Court. She has done so by filing the FAC. The FAC is hereby **REFERRED** to the Chief United States Magistrate Judge for a report and recommendation on screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

For the reasons set forth above, Plaintiff's Objections to the Chief Magistrate Judge's Report and Recommendation (ECF No. 7) are **OVERRULED**; the Chief Magistrate Judge's Report and Recommendation (ECF No. 7) is **ADOPTED** in its entirety; and Plaintiff's complaint (ECF No. 1) is **DISMISSED**. Plaintiff's First Amended Complaint (ECF No. 9) is **REFERRED** to the Chief United States Magistrate Judge for screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED**, this 16th day of May, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE